*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0004**

In the Matter of Franz Schauer, WCA Application,
dated April 28, 2014 for No-Loss and Exemption;
Petition for Appeal dated December 3, 2014, No. 14-09,
re: LGU decisions on November 3, November 19, and December 2, 2014.

**Filed August 8, 2016
Affirmed
Bjorkman, Judge**

Minnesota Board of Water and Soil Resources
File No. 14-09

Franz P. Schauer, Bonita Springs, Florida (pro se relator)

Lori Swanson, Attorney General, Jill Schlick Nguyen, Assistant Attorney General, St. Paul, Minnesota (for respondent Minnesota Board of Water and Soil Resources)

Michael K. Junge, McLeod County Attorney, Glencoe, Minnesota (for respondent McLeod County)

Considered and decided by Rodenberg, Presiding Judge; Peterson, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Relator challenges the order of respondent Minnesota Board of Water and Soil Resources (BWSR) reversing respondent McLeod County's grant of exemption and no-loss determinations to relator in relation to wetland restoration and replacement. Relator

argues that the BWSR did not have jurisdiction to review McLeod County's decisions, and that the BWSR erred when it held that the county complied with Minn. Stat. § 15.99 (2014). We affirm.

**FACTS**

Relator Franz Peter Schauer owns property that contains a wetland area. On November 3, 2013, Schauer received a cease and desist order from the Minnesota Department of Natural Resources (DNR), indicating that his excavation of a ditch impermissibly drained the wetland, and demanding that Schauer stop all activity related to draining, filling, or excavating the wetland area. On December 11, the McLeod County Wetland Technical Advisory Committee met to discuss the situation, and passed a motion directing Schauer to refill the ditch.

On March 3, 2014, the Commissioner of Natural Resources issued a restoration order and a replacement order (R&R orders) that described what Schauer must do to restore the wetland. The R&R orders also informed Schauer that he had 21 days to submit a replacement plan or apply for exemption or no-loss determinations.[1]

On April 25, Schauer filed applications for exemption and no-loss determinations, which McLeod County received on April 28. Schauer's attorney attached an affidavit to the applications stating that additional supporting documents would be provided as they

---

[1] A no-loss determination is a finding that the challenged activity will not impact the wetland or cause permanent loss of the wetland. Minn. R. 8420.0415 (2013). An exemption determination is a finding that activity affecting a wetland does not require replacement of the wetland because the activity falls within a listed exemption category. Minn. R. 8420.0420 (2013).

2

became available. Schauer also appealed the R&R orders to the BWSR, which stayed the appeal pending resolution of the applications.

On May 30, with his attorney's advice, Schauer signed a document waiving McLeod County's 60-day deadline for deciding whether to grant his applications under Minn. Stat. § 15.99. Roger Berggren, a McLeod County environmentalist, signed the waiver agreement and returned it to Schauer's attorney on June 9. Berggren stated that Schauer must submit his supporting documents by July 15. Schauer did not do so.

On August 11, a McLeod County Technical Evaluation Panel (TEP) met to consider Schauer's applications. The TEP recommended denial of both applications. One week later, the McLeod County Environmental Services Committee[2] met to discuss the applications. Prior to that meeting, Schauer submitted written comments supporting his applications, which were distributed to the committee members. The committee considered Schauer's comments and the TEP recommendation, and ultimately recommended that McLeod County Environmental Services deny the exemption and no-loss determinations.

McLeod County Environmental Services issued a formal notice of decision on August 18, denying both applications. The notice of decision references the TEP and McLeod County Environmental Services Committee recommendations. The denial was based on the finding that Schauer's ditch-cleaning activity exceeded regular maintenance

---

[2] The McLeod County Environmental Services Committee is also referred to as the McLeod County Wetland Advisory Committee.

3

and resulted in a wetland loss and impact that is not permitted under the Minnesota Wetland Conservation Act.

On August 27, Berggren sent the notice of decision to Schauer. On September 8, Schauer sent a letter to the McLeod County Board of Commissioners, asserting that the notice of decision was untimely because he did not receive it by the extended deadline. Twelve days later, Schauer notified the Board of Commissioners that he was appealing the notice of decision. On October 10, McLeod County Administrator Patrick Melvin advised Schauer that the notice of decision was in fact timely, and that he had scheduled a hearing on Schauer's appeal. Schauer's attorney responded on October 28, asking Melvin to reconsider the timeliness issue. Melvin responded that same day, stating that the county agreed that the notice of decision was untimely, and the applications for exemption and no-loss determinations were therefore granted by operation of law.

McLeod County Environmental Services issued additional notices of decision on November 3, November 19, and December 2. The final notice of decision states that Schauer's applications were approved without conditions. On December 3, Jeremy Maul—the BWSR representative to the TEP—appealed the last three notices of decision to the BWSR. The BWSR's Dispute Resolution Committee reviewed the record and heard oral arguments from the parties, and recommended that the three notices of decision be reversed.

The BWSR issued an order reversing the last three notices of decision. After determining that it had jurisdiction to consider the appeal, the BWSR concluded that the first notice of decision (August 18) was timely and effective, and that McLeod County

4

erred by applying the automatic-approval rule pursuant to Minn. Stat. § 15.99. Schauer appeals by writ of certiorari.

## D E C I S I O N

A BWSR order regarding an appeal from an exemption or no-loss determination is considered an agency decision in a contested case for purposes of judicial review under Minn. Stat. §§ 14.63-.69 (2014). Minn. Stat. § 103G.2242, subd. 9(d) (2014). We review such decisions to determine whether the decision is: (1) in violation of constitutional provisions, (2) in excess of statutory authority or jurisdiction, (3) the product of unlawful procedure, (4) affected by an error of law, (5) unsupported by substantial evidence, or (6) arbitrary or capricious. Minn. Stat. § 14.69. A presumption of correctness attaches to an agency's decision, and we defer to an agency's conclusions in its area of expertise. *In re Review of 2005 Annual Automatic Adjustment of Charges*, 768 N.W.2d 112, 119 (Minn. 2009). But we are not bound by an agency's determination of the meaning of a statute, which is a question of law that we review de novo. *St. Otto's Home v. Minn. Dep't of Human Servs.*, 437 N.W.2d 35, 39-40 (Minn. 1989).

## I.     The BWSR had jurisdiction to hear the appeal of the notices of decision.

A local government unit's exemption or no-loss determination may be appealed to the BWSR. Minn. Stat. § 103G.2242, subd. 7, 9(a) (2014).[3] The BWSR shall grant the petition and hear the appeal unless the petitioner has not exhausted all local administrative

---

[3] Appeal may be taken by the wetland owner, anyone who is required to receive the notice of decision of a replacement plan, or 100 residents of the county in which a majority of the wetland is located. Minn. Stat. § 103G.2242, subd. 9(a).

remedies. *Id*., subd. 9(b)(2) (2014). If a determination was made by a local-government-unit staff member, the challenger must first appeal the decision to the local government unit. Minn. R. 8420.0200, subp. 2(C), .0905, subp. 3(A) (2013). Whether the BWSR has jurisdiction to review a particular matter is a question of law that we review de novo. *In re Hubbard*, 778 N.W.2d 313, 318 (Minn. 2010).

Determining whether the BWSR had jurisdiction to hear Maul's appeal depends on whether the challenged notices of decision reflect determinations made by the local government unit or a local-government-unit staff member. Schauer argues that the BWSR lacked jurisdiction because Berggren made the decision in his capacity as a local-government-unit staff member, and therefore the appeal should have been made to the McLeod County Board of Commissioners. We disagree.

After Schauer applied for exemption and no-loss determinations, two McLeod County committees evaluated the applications. On August 11, the TEP held a meeting to discuss the applications and recommended that they be denied. And on August 18, the McLeod County Environmental Services Committee met and passed a motion recommending the denial of the applications. The August 18 notice of decision states that the decision is based on the recommendations from the TEP and Environmental Services Committee, and is the decision of the local government unit—McLeod County Environmental Services.

Although the August 18 notice of decision was not appealed, the process that led to that decision illustrates why the subsequent notices of decision are decisions of the local government unit rather than a staff member. The multiple evaluation processes and

6

committee recommendations demonstrate that Berggren was not acting in an individual capacity when he signed the notices of decision. Moreover, the revised notices of decision, while signed by Berggren, all state that they are decisions of McLeod County Environmental Services, the local government unit. Because the notices reflect decisions of the local government unit, we conclude that the BWSR had jurisdiction to hear Maul's appeal. Minn. Stat. § 103G.2242, subds. 7, 9(a).

## II. The August 18 notice of decision was timely and is supported by substantial evidence.

Schauer asserts that the BWSR erred by finding that he waived the 60-day deadline for McLeod County to issue a decision, and by finding that the August 18 notice of decision was timely.

An agency[4] must approve or deny within 60 days a written request for government approval. Minn. Stat. § 15.99, subds. 2(a), 3(a). If an agency fails to deny an application within 60 days, the application is automatically approved. *Id*., subd. 2(a). But an agency may, with notice to the applicant, extend the deadline, and an applicant may also request an extension. *Id.*, subd. 3(f), (g).

McLeod County received Schauer's applications on April 28.[5] On May 30, Schauer signed an agreement stating that he was "waiving the right to have a Board Decision in this

---

[4] "Agency" includes a county. Minn. Stat. § 15.99, subd. 1(b).

[5] Although the BWSR addressed the merits of Maul's appeal, it initially found that Schauer's applications for exemption and no-loss determinations were untimely. We disagree. While McLeod County did not officially waive the deadline for Schauer's applications, the county did not object to their timeliness. After Schauer submitted the applications, McLeod County acted on the applications as if they were timely. We

7

matter within the 60 days of the application under Minnesota Statute Section 15.99." By signing the waiver, Schauer agreed that McLeod County had an additional 60 days to make a decision regarding his application. This created a new deadline of August 26. Berggren signed the notice of decision on August 18, within the extended deadline. Schauer nonetheless argues that the decision was untimely because he did not receive a copy of it until August 27. Schauer also argues that Berggren's offer to submit Schauer's comments to the TEP (Schauer submitted his supporting comments after the TEP met) if Schauer agreed to another 60-day waiver demonstrates that a final decision was not made on August 18. We are not persuaded.

First, our supreme court has rejected the argument that an agency must provide an applicant with a written statement of the reasons for denying an application to comply with the 60-day rule. *Hans Hagen Homes, Inc. v. City of Minnetrista*, 728 N.W.2d 536, 540 (Minn. 2007). In *Hans Hagen,* the city argued that denial of an application occurs when the local government unit votes to deny the application and adopts a written statement of the reasons for denial, regardless of whether notice is provided to the applicant. *Id*. at 539-40. Our supreme court agreed, holding that Minn. Stat. § 15.99, subd. 2(c), which requires an agency to provide applicants with a written statement of the reasons for denial, is directory, rather than mandatory. *Id*. at 542. Accordingly, the city's failure to provide its written statement within 60 days did not implicate the automatic-approval provision. *Id*. at 544.

---

conclude that by processing the applications, McLeod County effectively waived the deadline in Minn. R. 8420.0900, subp. 4(D).

Second, Berggren's offer to forward Schauer's written comments to the TEP did not disturb the finality of the August 18 decision. Berggren's offer effectively presented the opportunity to appeal the decision to McLeod County. Schauer chose not to explore that option. And our caselaw is clear that a denial is considered to occur when a government unit votes to deny the application and adopts a written statement explaining the reasons for denial. *Id*. at 540. We conclude that those actions were completed on August 18.

Having concluded that the August 18 notice of decision was timely, we consider whether it is supported by the record. *See City of Moorhead v. Minn. Pub. Utils. Comm'n*, 343 N.W.2d 843, 847 (Minn. 1984) (stating that an appellate court will not disturb an agency's decision if it is supported by the record). Schauer does not assert that the notice of decision is legally erroneous or that it lacks evidentiary support. And review of the record reveals evidence that existing ditches on Schauer's property were deepened and widened in a manner that could impact or cause permanent loss to the wetland. This evidence supports the decision to deny Schauer's applications for exemption and no-loss determinations. [6]

---

[6] Schauer argues that the BWSR's findings of fact rely on evidence that is not in the record. We disagree. The challenged findings relate to information contained in the four notices of decision, all of which were included in the revised record and index. Schauer does not dispute that the BWSR was permitted to consider documents in the revised record and index.

Because McLeod County made its decision within the extended review period, and Schauer makes no argument challenging the merits of the August 18 notice of decision, we affirm.

**Affirmed.**